IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TED HAMILTON                                                                                           PLAINTIFF

v.                                         Case No. 4:20-cv-04089

JAMES WISE                                                                                           DEFENDANT

## ORDER

Before the Court is Plaintiff Ted Hamilton's Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2) and his failure to obey orders of the Court.

On October 6, 2020, Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Motion to Proceed IFP. (ECF No. 2). The Court entered an order provisionally filing the Complaint because Plaintiff had accumulated three strikes that would make him ineligible for IFP status under 28 U.S.C. § 1915(g). (ECF No. 3). The order directed Plaintiff to either pay the filing fee of $400 or establish why § 1915(g) does not apply to this action by October 27, 2020.

On October 19, 2020, Plaintiff filed a Motion for Extension of Time to File Response to the Order. (ECF No. 5). In this motion, Plaintiff asked the Court to identify the cases he filed that were being counted as strikes, extend the time for him to pay the filing fee of $400, and identify which cases Plaintiff had paid filing fees.

On October 27, 2020, the Court entered an order granting in part and denying part Plaintiff's motion for extension of time. (ECF No. 6). The Court identified the cases filed by Plaintiff which were being counted as strikes against him[1] and granted Plaintiff's request for additional time to collect the money for the $400.00 filing fee. However, the Court informed

---

[1] These cases include: 1) *Hamilton v. Hempstead County,* Civil No. 4:16-04002, dismissed with prejudice on July 18, 2016 as the case was barred by the statute of limitations; 2) *Hamilton v. Mauldin,* Civil No. 4:14-04033, dismissed for failure to state a claim on March 3, 2015; and 3) *Hamilton v. Brownlee,* 237 Fed. Appx. 114 (8th Cir. 2007), affirming district court's dismissal for failure to state a claim.

Plaintiff that it was not responsible for researching and determining the cases in which Plaintiff had paid filing fees. The Court then ordered Plaintiff to pay the filing fee of $400.00 by November 27, 2020.

The order also advised Plaintiff that the failure to timely and properly comply with the Order would result in this case being dismissed without prejudice pursuant to Local Rule 5.5(c)(2). (ECF No. 6). This order has not been returned as undeliverable nor has Plaintiff paid the filing fee or provided any explanation to the Court as to why the three strikes provision set forth in 28 U.S.C. § 1915(g) does not apply to this action.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically discuss dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to FRCP 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with orders of this Court by not paying the filing fee and failing to establish why the three strikes provision of 28 U.S.C. 1915(g) does not apply to him. Therefore, Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED**.  Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 14th day of December, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge